# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

DAVID LOY ROGERS,      )
                                   )
      Plaintiff,       )
                                   )
v.                               )        CV616-108
                                   )
CAROLYN W. COLVIN, Acting,   )
Commissioner of Social Security,   )
                                   )
      Defendant.     )

## SCHEDULING ORDER

Pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and this Court's Local Rule 72.3(a), this appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for Social Security benefits has been referred to the Magistrate Judge for review and recommendation as to disposition. Good cause appearing therefor, pursuant to Fed. R. Civ. P. 16, it is **ORDERED** that:

(1) Within thirty (30) days after service of this Scheduling Order, plaintiff shall serve and file a brief setting forth all errors which plaintiff contends entitle the plaintiff to relief.

(2) Within forty-five (45) days after service of plaintiff's brief, defendant shall serve and file a brief which responds specifically to each

issue raised by plaintiff.

(3)   Plaintiff may file a brief in reply to the brief of defendant within fifteen days of service of defendant's brief.

(4)   All references to the record and all assertion(s) of fact must be accompanied by citations to the record.   The opening and responsive brief shall contain the following:

(a)   A statement of the issues presented for review, set forth in separate numbered paragraphs.

(b)   A statement of the case.   This statement should indicate briefly the course of the proceedings and its disposition at the administrative level and should set forth a general statement of the facts.   This statement of facts shall include plaintiff's age, education, and work experience; a summary of physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other evidence of record.   Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

(c)   An argument.   The argument shall be divided into sections separately treating each issue and must set forth the contentions of plaintiff with respect to the issues presented and reasons therefor. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position.   CM/ECF citations are encouraged.   Citations to unreported appellate or district court opinions must be accompanied by a copy of the opinion if the case is unavailable on Westlaw.

(d)   A short conclusion stating the relief sought.

Defendant's brief shall conform to the requirements set forth above for

plaintiff's brief, except that a statement of the issues and a statement of the case need not be made unless defendant is dissatisfied with plaintiff's statement thereof.

Arguments in the briefs should be short and succinct, citing by page in the transcript the necessary evidentiary support. Inasmuch as this circuit has formulated a fair body of law in social security cases, citations to Eleventh and former Fifth Circuit decisions will be expected. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). CITE CASES FROM OTHER CIRCUITS ONLY WHERE THERE IS NO ELEVENTH CIRCUIT AUTHORITY, OR IF THEY ARE IN ACCORDANCE WITH THIS CIRCUIT'S PRECEDENTS. BRIEFS FAILING TO COMPLY WITH THIS DIRECTIVE WILL BE DEEMED NONRESPONSIVE AND MAY BE RETURNED BY THE COURT.

Requests for remand must strictly comply with the provisions of 42 U.S.C. § 405(g). Remands should be designated as either "sentence four" or "sentence six" remands. *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Counsel are advised to read the discussion of remands set forth in *Newsome v. Shalala*, 8 F.3d 775 (11th Cir. 1993). Any requests for remand not clearly designated as proceeding under one or the other

sentence will be deemed vague and unresponsive. The opposing party shall promptly make known its opposition or acquiescence to any request for remand.

(5) The issues before the Court are limited to the issues properly raised in the briefs.

(6) The Court will allow a single thirty (30) day extension of any part of this scheduling order by stipulation of the parties. Court approval is *not* required for this extension. The stipulation must be filed with the Court. With the exception of this single thirty day extension, requests to modify this order must be made by written motion and will be granted only for good cause.

Let a copy of this Order be served upon counsel for the parties.

**SO ORDERED,** this __26th__ day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA